**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1170
_____

JOHN W. FINK,

Appellant

v.

J. PHILIP KIRCHNER; FLASTER/GREENBERG P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-12-cv-04125)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2018

Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: May 4, 2018)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Fink appeals pro se from the District Court's order granting summary judgment against him in this civil action that he brought against his former attorney, J. Philip Kirchner, and Kirchner's law firm, Flaster/Greenberg P.C. ("Defendants"). For the reasons that follow, we will affirm the District Court's decision.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. In 2012, Fink filed a pro se diversity action in the District Court, raising several claims relating to Defendants' representation of him in earlier litigation that he had brought in New Jersey state court against Advanced Logic Systems, Inc. ("ALSI"). Fink subsequently retained an attorney in the federal case; that attorney filed an amended complaint on Fink's behalf, raising an additional claim relating to Defendants' prior representation. Fink's attorney in the federal case later withdrew in 2014, and Fink has proceeded pro se since that time.

In 2015, while discovery was still ongoing, Defendants moved for summary judgment.[1] In April 2016, the District Court granted that motion in part and denied it in part. Specifically, the District Court concluded that Defendants were entitled to summary

---

[1] By that time, Fink had withdrawn one of his claims (a claim for unjust enrichment) and the District Court had dismissed another one (a claim for intentional infliction of emotional distress). Those claims are not before us here. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (ellipses in original) (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se case).

2

judgment on Fink's legal-malpractice claim, explaining that no amount of additional discovery would enable Fink to show a causal link between Defendants' alleged conduct and his alleged harm. As for Fink's claims alleging fraud and a breach of fiduciary duty, the District Court denied Defendants' summary-judgment motion without prejudice to their ability to refile that motion after the close of discovery.

Fink subsequently moved the District Court to reconsider its grant of summary judgment on his legal-malpractice claim. He also obtained permission to file a second amended complaint, which added two spoliation claims.[2] After the close of discovery, Defendants filed another motion for summary judgment. On December 20, 2016, the District Court issued an opinion and an accompanying order addressing all of these outstanding issues. Specifically, the District Court granted Fink's motion to reconsider his legal-malpractice claim, but the court once again concluded that Defendants were entitled to summary judgment on that claim based on an absence of causation. The District Court also granted summary judgment in Defendants' favor on all of Fink's remaining claims (including the two new claims raised in his second amended complaint), concluding that those claims, too, failed to show the requisite causal link. In light of these rulings, the District Court directed the District Court Clerk to close the case. This timely appeal followed.[3]

---

[2] Those claims alleged that Defendants had concealed and tampered with evidence.
[3] After Fink filed his notice of appeal, he moved the District Court to reconsider its December 20, 2016 decision. The District Court denied that motion on July 25, 2017. Because Fink did not file a second notice of appeal or amend his original notice to include a challenge to the July 25, 2017 order, that order is not before us. See Fed. R. App. P. 4(a)(4)(B)(ii); Witasik v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 (3d Cir.

II.

The District Court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a),[4] and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011). Summary judgment is appropriate when the movants "show[] that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d

2015). To the extent that Fink requests our permission to amend his notice of appeal to (1) correct a typographical error in that notice, and (2) add a sentence to the notice explaining his challenge to the District Court's December 20, 2016 decision, we hereby grant those requests.

[4] For diversity jurisdiction to lie, there must be "complete diversity" amongst the parties. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). "Complete diversity," which must exist at the time the action is initiated, means that the plaintiff cannot be a citizen of the same state as any of the defendants. See id. Although Fink's District Court pleadings failed to clearly identify the citizenship of each of the parties, it does not follow that the District Court lacked diversity jurisdiction in this case. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; see Kiser v. Gen. Elec. Corp., 831 F.2d 423, 427 (3d Cir. 1987) (explaining that § 1653 "permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds"). In this appeal, Fink seeks to amend his District Court pleadings to reflect that he is a citizen of New York, and that Defendants are each a citizen of New Jersey. Defendants do not object to these proposed amendments. We hereby grant Fink's request to amend pursuant to § 1653, and we conclude that, in light of these amendments, the complete-diversity requirement has been satisfied in this case. Accordingly, the District Court did not err in exercising diversity jurisdiction in this case.

4

822, 826 (3d Cir. 2011) (internal quotation marks omitted).

As noted above, the District Court granted summary judgment in Defendants' favor with respect to Fink's claims alleging legal malpractice, spoliation, breach of fiduciary duty, and fraud. Each of these claims required Fink to show a causal link between Defendants' alleged conduct and his alleged harm. See Jerista v. Murray, 883 A.2d 350, 358-59 (N.J. 2005) (discussing legal-malpractice claim); Rosenblit v. Zimmerman, 766 A.2d 749, 757-58 (N.J. 2001) (discussing claim for fraudulent concealment)[5]; F.G. v. MacDonell, 696 A.2d 697, 704 (N.J. 1997) (discussing claim for breach of fiduciary duty); Zorba Contractors, Inc. v. Hous. Auth. of the City of Newark, 827 A.2d 313, 324 (N.J. Super. Ct. App. Div. 2003) (discussing common-law fraud claim).[6]

As the District Court explained, Fink's claims principally revolved around the following: (1) "Kirchner's alleged lie to Fink that the judge presiding over Fink's state court suit to enforce the settlement agreement with ALSI told the parties to go to arbitration instead of litigating in court"; (2) "Kirchner's alleged alteration to an email

---

[5] Under New Jersey law, there is no freestanding tort claim for the intentional spoliation of evidence. See Rosenblit, 766 A.2d at 757. Rather, a plaintiff alleging spoliation may seek relief via a claim for fraudulent concealment. See id. at 760.

[6] Because New Jersey has the "most significant relationship" to Fink's claims, we agree with the District Court that New Jersey's substantive law governs here. See Maniscalco v. Brother Int'l (USA) Corp., 709 F.3d 202, 206 (3d Cir. 2013) ("A federal court sitting in diversity applies the choice-of-law rules of the forum state—here, New Jersey—to determine the controlling law. New Jersey has adopted the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws.") (citations omitted).

presented to the arbitrator and [Kirchner's] alleged lies about his involvement"; and (3) "these two lies caused Fink to lose his claims against ALSI, thwart another settlement with ALSI, and were intended to milk Fink for unnecessary and exorbitant attorney's fees." (Fink's App. at 10.) The District Court determined that, even if one were to assume that "Kirchner lied about the judge's suggestion that Fink should arbitrate his claims," and that "Kirchner submitted an altered document to the arbitrator," Fink had failed to show "how those actions caused him to pay more legal fees than he otherwise would have incurred, or caused his settlement with ALSI to fall through." (Id. at 14-16 (footnotes omitted).) The District Court explained that "there are numerous unknown variables as to why Fink's settlement talks with ALSI stalled," and that "[i]t is unknown how costly Fink's state court proceeding could have become had he declined Kirchner's advice [to go to arbitration]." (Id. at 14.)

For substantially the reasons provided by the District Court, we agree with its resolution of this case. Because Fink failed to put forth sufficient evidence to allow a jury to reasonably find the requisite causal link between Defendants' alleged conduct and

his alleged harm, the District Court did not err in granting summary judgment against him.[7]  Accordingly, we will affirm the District Court's December 20, 2016 judgment.[8]

---

[7] To the extent that Fink argues that the District Court erred in permitting Defendants to file multiple summary-judgment motions, we find that argument unpersuasive.  Federal Rule of Civil Procedure 56 does not limit the number of summary-judgment motions that a litigant may file, and Fink has not cited any authority to support the proposition that there is, in fact, a strict numerical limit.  See also Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) ("[W]e accord district courts great deference with regard to matters of case management.").  We have considered the remaining arguments in Fink's briefing and conclude that none warrants disturbing the District Court's judgment.

[8] We hereby grant Fink's unopposed motion to seal portions of his brief and supplemental appendix that relate to information and documents that were sealed in the District Court.  To the extent that Fink (1) seeks our permission to "re-file one or more of [his] claims," (Fink's Opening Br. 52), and/or (2) asks for any other relief, those requests are denied.